# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>v.<br><br>JOVAN NEWMAN, MARCUS THOMPSON, ANDRELL WESLEY, and MARZELL FULLILOVE,<br><br>     Defendants. | Case No. 21-CR-51-JPS<br><br>**ORDER** |

## 1. INTRODUCTION AND PROCEDURAL HISTORY

On May 25, 2022, in connection with Defendant Jovan Newman's ("Newman") plea of guilty to Counts Eight and Nine of the Indictment, the Court issued a preliminary order of forfeiture as to certain properties seized on or about December 21, 2020 in Milwaukee, Wisconsin, including approximately $56,719.00 in U.S. currency. ECF No. 107. In his plea agreement, Newman agreed that these properties constituted "the proceeds of the offenses to which he [was] pleading guilty." ECF No. 96 at 8. The Government filed a notice of forfeiture on June 6, 2022 and served all potential owners by certified mail with a copy of the notice. ECF Nos. 112, 113. Newman was sentenced in September 2022. ECF Nos. 130, 131.

On May 11, 2023, in connection with Defendant Andrell Wesley's ("Wesley") plea of guilty to Counts One and Nine of the Indictment, the Court issued a preliminary order of forfeiture as to certain properties seized on or about December 21, 2020 in Milwaukee, Wisconsin, including approximately $56,719.00 in U.S. currency. ECF No. 180. In his plea

agreement, Wesley agreed that these properties constituted "the proceeds of the offenses to which he [was] pleading guilty." ECF No. 175 at 8. The Government filed a notice of forfeiture on May 22, 2023 and appears to have served all potential owners by certified mail with a copy of the notice. ECF No. 181. Wesley was sentenced in July 2023. ECF Nos. 190, 191.

On July 11, 2022, Gloria Piphus ("Piphus") hand delivered to the U.S. Attorney's Office and, on July 18, 2022, filed with the Clerk's Office, a statement that on or about December 18, 2020, she gave her grandson, Wesley, "$35,000 in US currency to go and purchase some more cars." ECF No. 117.

The Government construed Piphus's statement as a third-party petition "asserting an interest in the property to be forfeited" under Federal Rule of Criminal Procedure 32.2(c). ECF No. 184 at 2. Based on the timing of the statement and the Government's motion, the Court agreed, although it observed that the statement "lacks many of the requirements set forth in 21 U.S.C. § 853(n)(3) for such a petition, as warned in the Government's notices of forfeiture." ECF No. 186 at 2 (citing ECF Nos. 112, 181); *see also United States v. Cowan*, No. 3:11-CR-00053-RLY, 2015 WL 1824110, at *2 (S.D. Ind. Apr. 21, 2015) (denying purported petition for failure to comply with requirements set forth in § 853(n)(3)). Accepting the Government's reading of the statement as a petition, the Court determined that an ancillary proceeding was necessary and authorized the parties to conduct discovery "concerning whether Piphus has an ownership interest in approximately $35,000.00 of the approximately $56,719.00 seized and, if so, the extent of that interest." *Id.* at 2–3 (citing ECF No. 184 at 3); *see also* Fed. R. Crim. P. 32.2(c)(1); 21 U.S.C. § 853(n)(2).

Page 2 of 11
Case 2:21-cr-00051-JPS    Filed 09/04/24    Page 2 of 11    Document 222

Following several status reports and extensions of time to conduct settlement negotiations and complete written discovery, the Government informed the Court that the parties were at an impasse and that it sought to take Piphus's deposition in February 2024. ECF Nos. 194, 196, 197, 199, 201. The Court permitted an additional extension for that purpose. ECF No. 202. In March 2024, the Government reported that it had completed Piphus's deposition and "believes that there are no triable issues." ECF No. 206 at 2. The Government therefore requested to file a motion for summary judgment under Rule 32.2(c)(1)(B). *Id.*; Fed. R. Crim. P. 32.2(c)(1)(B) ("When discovery ends, a party may move for summary judgment under Federal Rule of Civil Procedure 56."). The Court granted that request and ordered the Government to file a motion for summary judgment within 90 days, with such submission to include a proposed order in accordance with Rule 32.2(c)(2) and a statement regarding the necessity of a hearing on the matter. ECF No. 207 at 1–2. The Court allowed Piphus 45 days from the filing of the Government's motion to file a response. *Id.* at 2.

Now before the Court is the Government's June 21, 2024 motion for summary judgment. ECF No. 217. Piphus did not file a response within the time set by the Court, nor has she filed one since. Pursuant to Federal Rule of Civil Procedure 56(e)(2) and Civil Local Rule 56(a)(1)(A), the Court therefore considers the facts proffered by the Government, and set forth below, as undisputed for purposes of the motion. *Id.* (Government's provision of rules required by Civil Local Rule 56(a) to Piphus with the

motion for summary judgment). For the reasons set forth below, the Court will grant the motion.[1]

## 2. UNDISPUTED FACTS[2]

On December 21, 2020, the North Central High Intensity Drug Trafficking Area executed a search warrant at an apartment shared by Wesley and Newman. Wesley and Newman were present at the time.

Directly under the living room window, officers found two clear knotted sandwich bags that tested positive for fentanyl and weighed approximately 96.9 grams. In the bedroom, officers found a loaded Glock firearm, a loaded black Ruger firearm, and multiple gold necklaces. Also found were a black 50-round drug magazine and three bottles of lactose, a common drug cutting agent. In the hallway, officers found approximately $50,000.00 in U.S. currency concealed in a black duffle bag in the washing machine.

In the kitchen, officers found two digital scales, sandwich bags, and cups. An officer found a Duralast narcotics press on the stove, which was consistent with the square substance found on the sidewalk outside the

---

[1]Although the Government did not provide a statement as to the necessity of a hearing with its motion, as the Court ordered, the Court determines that a hearing is not required. As set forth below, the Court finds that Piphus has failed to establish that she has standing to pursue her claim, which moots the need for a hearing. Fed. R. Crim. P. 32.2, advisory committee's note to 2000 amendment (citing *United States v. BCCI Holdings (Luxembourg) S.A. (In re Petitions of General Creditors)*, 919 F. Supp. 31, 36 (D.D.C. 1996) ("If a third party fails to allege in its petition all elements necessary for recovery, including those relating to standing, the court may dismiss the petition without providing a hearing.") (collecting cases)); *Cowan*, 2015 WL 1824110, at *2 (same) (citations omitted).

[2]The Court reproduces these facts, with minor edits, from the Government's proffered statement of undisputed facts, ECF No. 218-1. Fed. R. Civ. P. 56(e)(2); Civil L.R. 56(a)(1)(A). Internal citations are omitted for brevity.

living room described above. On the counter, an officer found an electronic money counter. On top of the refrigerator, an officer found over 100 rounds of ammunition. An officer also found five more bottles of lactose. In the top kitchen drawer, an officer found a black Smith & Wesson pistol and a loaded Llama handgun. Inside of a paper bag, an officer found a knotted sandwich bag containing a light gray, chunky substance weight 26.6 grams, which tested positive for fentanyl. An officer also found a cake pan with residue and a red ceramic plate containing suspected fentanyl residue.

Piphus contends that she loaned Wesley the claimed $35,000.00 in U.S. currency so that he could use it to obtain a vehicle at a car auction. Piphus did not execute a written agreement with Wesley memorializing the terms of the loan. Piphus previously purchased vehicles at the car auction in 2019 and 2020 for $300.00, $500.00, $612.00, $800.00, $2,645.00, and $900.00.

Piphus testified that she was not in possession of her claimed $35,000.00 in U.S. currency when it was recovered from the apartment. Piphus did not know that Wesley lived at the apartment. She did not have keys to the apartment. Piphus testified that the currency was divided into "hundreds, fifties, and twenties" and that there were no other denominations. She stated that the money came from her "stash." She stated that the currency measured approximately seven inches in size.

The correct denominations of the money recovered were $100, $20, $10, $5, $2, and $1 bills. There were no $50 bills. On December 18, 2020, Wesley posted a photograph on social media of himself holding a stack of currency that spanned the length of his arm. When law enforcement officers recovered the $56,719.00 in U.S. currency, they had to use two evidence bags to store it.

3. **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 56, the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *Boss v. Castro*, 816 F.3d 910, 916 (7th Cir. 2016). A "genuine" dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Where, as here, "the non-movant does not come forward with evidence that would reasonably permit the finder of fact to find in her favor on a material question, then the court must enter summary judgment against her." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24 (1986); *Anderson*, 477 U.S. at 249–52); *see also* Fed. R. Civ. P. 56(e)(3) ("If a party fails . . . to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it.").

4. **ANALYSIS**

"Section 853(n)(6) states in plain terms that a third party claimant must make one of two showings in order to successfully assert an interest in property that is subject to criminal forfeiture." *United States v. Watkins*, 320 F.3d 1279, 1282 (11th Cir. 2003). Specifically, it provides that:

> (6) If, after the [ancillary proceeding], the court determines that the petitioner has established by a preponderance of the evidence that—

> (A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or
>
> (B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section;
>
> the court shall amend the order of forfeiture in accordance with its determination.

21 U.S.C. § 853(n)(6). Thus, this provision "protects only two classes of petitioners[:] those whose legal interests in the property were superior to the defendant['s] at the time the interest of the United States vested through the commission of an act giving rise to forfeiture and 'bona fide purchasers for value' without knowledge of the forfeitability of the defendant's assets." *Watkins*, 320 F.3d at 1282 (quoting *United States v. Kennedy*, 201 F.3d 1324, 1328–29 (11th Cir. 2000) (internal quotation marks omitted)).

The Court first takes up whether Piphus is a bona fide purchaser for value within the meaning of § 853(n)(6)(B). As the Eleventh Circuit has explained, a claimant, like Piphus, who loans money to a defendant "in exchange for a promise to procure . . . automobiles," absent an "'attached' security interest in the [loaned] funds" is a mere unsecured creditor. *Id.* (citing *In re Dillard Ford, Inc.*, 940 F.2d 1507, 1511 (11th Cir. 1991)); *see also United States v. $10,493 in United States Currency*, No. CV 18-18-DLB-CJS, 2018 WL 5259455, at *4 (E.D. Ky. Oct. 22, 2018) ("There are no facts presented by the Claimant, however, that suggest he is anything other than

an unsecured creditor. Claimant . . . asserts he provided money to his son . . . to purchase a car but makes no mention of securing collateral for the loan or taking a security interest in any of [his son's] specific property.") (citation omitted).

"A majority of jurisdictions have held that unsecured creditors who cannot demonstrate a legal interest in the forfeit[ed] property lack standing to assert a claim to the forfeit[ed] property." *United States v. Boyle*, No. 04CR86, 2009 WL 2391857, at *2 (N.D. Ill. July 24, 2009) (collecting cases). Although the Seventh Circuit has not spoken on the issue, district courts within the Seventh Circuit have agreed with this majority. *Id.*; *United States v. Bisig*, No. 100CV335JDTWTL, 2005 WL 3532554, at *9 (S.D. Ind. Dec. 21, 2005) (collecting cases). So does the Court.

As in these cases, Piphus "has produced no evidence showing that [she] . . . has a legal interest" in her claimed $35,000.00 in U.S. currency. *Boyle*, 2009 WL 2391857, at *3. Even under the minority view—that "unsecured creditors who have given value for the property in an arms length transaction may recover the value conveyed"—Piphus's claim is unsuccessful because she has not proffered any written agreement documenting the terms of the alleged loan. *Id.* at *2 (citing *United States v. Reckmeyer*, 836 F.2d 200, 207 (4th Cir. 1987)); *see also id.* at *3 (documents provided by the claimant "do not establish that [he] actually used the funds to supply purchase money towards the properties in question"). Accordingly, Piphus lacks standing to pursue her claim under § 853(n)(6)(B).

Piphus also lacks standing to pursue her claim under § 853(n)(6)(A). First, "[t]he sufficiency of the 'legal interest' under 21 U.S.C. § 853(n)[(6)(A)] is determined by looking to 'the law of the jurisdiction that created the

property right to determine whether the claimant has a valid interest.'" *United States v. Avina*, No. 3:08-CR-00012 RM, 2009 WL 112580, at *1 (N.D. Ind. Jan. 16, 2009) (quoting *United Stats v. Timley*, 507 F.3d 1125, 1130 (8th Cir. 2007)). Under Wisconsin law, cash is a "bearer instrument," meaning that "whoever has possession is presumed to be that instrument's owner." *United States v. Tarraf*, 725 F. Supp. 2d 625, 631 (E.D. Mich. 2010) (citations omitted); *Deutsche Bank Nat'l Tr. Co. v. Wuensch*, 911 N.W.2d 1, ¶ 25 & n.12 (Wis. 2018) ("[I]n the usual way of negotiating bank notes, they pass from one person to another as cash, by delivery only and without any further inquiry or evidence of title, than what arises from the possession.") (citing *Miller v. Race*, 97 Eng. Rep. 398 (1758)). Thus, "once the cash was given to [Wesley], its ownership was presumed to be [his]" and "[Wisconsin] property law recognizes it as his." *Tarraf*, 725 F. Supp. 2d at 631.

"Even if a third-party does not show a vested interest . . . [she] may still be able to allege an interest superior to the defendant's at the time of forfeiture and thus, be entitled to at least a hearing." *Id.* (citing *United States v. Campos*, 859 F.2d 1233, 1238 (6th Cir. 1988)). "[T]ypes of superior interests that would support standing" include "liens, mortgages, recorded security devices, constructive trusts, valid assignments, or the like" but do not include "cash—especially cash that was in the hands of another party and is considered a bearer instrument." *Id.* (citing *Campos*, 859 F.3d at 1238–39). Thus, Piphus has not shown a legal or superior interest under § 853(n)(6)(A).

Even if Piphus had made such a showing, requiring the Court to "next look to federal law . . . to determine if [she] will prevail," federal law, too, shows that her claim is unsuccessful. *Avina*, 2009 WL 112580, at *1 (quoting *Timley*, 507 F.3d at 1130). Section 853(n)(6)(A) imposes a "heavy"

burden on a claimant to show an interest "'in th[e] *specific* property' subject to forfeiture 'before the commission of the crime that led to the forfeiture.'" *United States v. Guerrero*, 37 F.4th 1215, 1219 (7th Cir. 2022) (quoting *United States v. Catala*, 870 F.3d 6, 10 (1st Cir. 2017)) (emphasis added). While Piphus contends that she gave Wesley the claimed $35,000.00 prior to execution of the search warrant, which is sufficient for timeliness purposes,[3] her testimony reveals an "inability to directly trace" the recovered currency back to her alleged loan. *Id.* Piphus's description of the currency she purports to have given Wesley on December 18, 2020 did not match the currency recovered from Wesley and Newman's apartment only three days later. She described incorrect denominations and measurements. These admissions reveal that there "is no 'indication that any money once belonging to [Piphus] . . . was [among that recovered as proceeds of the offense]." *Id.* The fact that both Newman and Wesley conceded in their plea agreements that the recovered currency constituted proceeds of the offense further supports this conclusion.

Accordingly, for all these reasons, Piphus lacks standing to pursue her claim under both § 853(n)(6)(A) and § 853(n)(6)(B). The Government's motion for summary judgment, ECF No. 217, will be granted, and Piphus's petition, ECF No. 117, will be denied.

5. **CONCLUSION**

The Court grants the Government's motion for summary judgment and denies Piphus's petition for lack of standing to pursue a claim. The

---

[3] *See United States v. Burge*, 829 F. Supp. 2d 664, 668 (C.D. Ill. 2011) (noting "date in question" for timeliness purposes is the date listed in the indictment); *see also* ECF No. 21 at 1 (offense conduct began in July 2020 and continued until on or about December 21, 2020).

Government did not file a proposed order in accordance with Federal Rule of Criminal Procedure 32.2(c)(2), as ordered by the Court. Thus, the Court simply orders that, after the docketing of this Order, the Government take any steps necessary to conclude the matter of forfeiture in this case.

Accordingly,

**IT IS ORDERED** that the Government's motion for summary judgment regarding Gloria Piphus's claim of interest to $35,000.00 of the approximately $56,719.00 seized on or about December 21, 2020 in Milwaukee, Wisconsin, subject to forfeiture in this case, ECF No. 217, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Gloria Piphus's claim of interest to $35,000.00 of the approximately $56,719.00 seized on or about December 21, 2020 in Milwaukee, Wisconsin, subject to forfeiture in this case, ECF No. 117, be and the same is hereby **DENIED for lack of standing**;

**IT IS FURTHER ORDERED** that, following the docketing of this Order, the Government take any steps necessary to conclude the matter of forfeiture in this case; and

**IT IS FURTHER ORDERED** that the Government mail a copy of this Order to Gloria Piphus and file a certificate of service of the same on the docket.

Dated at Milwaukee, Wisconsin, this 4th day of September, 2024.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge