UNITED STATES OF AMERICA,

Plaintiff,

v.

JOVAN NEWMAN,

Defendant.

Case No. 21-CR-51-1-JPS

**ORDER**

In May 2022, Defendant Jovan Newman ("Defendant") pled guilty to violations of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) and 18 U.S.C. §§ 924(c)(1)(A)(i) and 2(a). ECF Nos. 100, 106. In September 2022, Defendant was sentenced to 130 months in prison. ECF No. 131. On January 30, 2026, Defendant Jovan Newman ("Defendant") requested that the Court appoint him counsel for purposes of filing a motion to reduce his sentence. ECF No. 246. The Court will construe this request as a motion and deny it without prejudice.

As a general matter, there is no right to counsel in postconviction proceedings. *Garza v. Idaho*, 586 U.S. 232, 245–46 (2019) (citing *Penn. v. Finley*, 481 U.S. 551, 555 (1987)). Furthermore, "district courts are not required to appoint counsel under *these* circumstances"—namely, circumstances in which a prisoner seeks a lower sentence under amendments to the United States Sentencing Guidelines. *United States v. Guerrero*, 946 F.3d 983, 985 (7th Cir. 2020) (emphasis added); *see also United States v. Blake*, 986 F.3d 756, 758 (7th Cir. 2021) (holding that the 2018 First Step Act does not supply a statutory entitlement to counsel). A court, nonetheless, *may* appoint counsel in postconviction proceedings. *Blake*, 986

F.3d at 758 ("District judges have discretion to recruit and sometimes appoint counsel for prisoners seeking post-judgment benefits, but prisoners do not have a constitutional or statutory *entitlement* to appointed counsel.") (emphasis in original) (internal citations omitted).

In his motion, Defendant lists several potential bases for a reduced sentence including, inter alia, Amendments 821, 782, 706, 711, 750, 794, and 921. *See* ECF No. 246. He also mentions Sections 401 and 404 of the First Step Act, as well as other provisions of law. *Id*. It is unclear which of these bases, if any, he sees as applicable to his case or why he would be eligible for a sentence reduction under them. Under these circumstances, the Court cannot assess *yet* whether there is any merit in Defendant's anticipated motion for a reduced sentence and would not be comfortable involving a private attorney who would be forced to work for free. *United States v. Foster*, 706 F.3d 887, 888 (7th Cir. 2013) ("The Criminal Justice Act does not supply the necessary permission to pay a lawyer from the public fisc."). Thus, Defendant's motion to appoint counsel, ECF No. 246, will be denied without prejudice.

If Defendant wishes, he may file a motion to reduce his sentence under any or all of the bases listed. *See* 18 U.S.C. § 3582(c). In doing so, he should be clear regarding the legal and factual basis for his motion. At that time, he can renew his motion asking the court to appoint him a lawyer. The Court will decide then whether it is necessary to appoint a lawyer, after reviewing Defendant's motion. But the Court, at this point, cannot discern the strength of Defendant's position and thus will not appoint counsel.

Interestingly, Defendant also cites to 18 U.S.C. § 3006A, which operates in part to permit the Court to appoint counsel for an indigent petitioner seeking habeas relief. If Defendant wishes to pursue habeas relief

challenging his present physical confinement, he must file a separate petition to that effect in the district where he is confined and against his immediate custodian, typically "the warden of the facility where the prisoner is being held." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004).

Defendant should bear in mind, however, that § 3006A will not provide a basis for mandatory appointment of counsel when an individual pursues a reduction of sentence pursuant to 18 U.S.C. § 3582(c). *Foster*, 706 F.3d at 888. And the Seventh Circuit has not decided whether 18 U.S.C. § 3006A "*permits* a court to appoint counsel at public expense . . . for defendants . . . who are seeking a reduction of their sentences under 18 U.S.C. § 3582." *United States v. Bonds*, 121 F.4th 1129, 1131 (7th Cir. 2024) (citing *Foster*, 706 F.3d at 888) (emphasis added).

Accordingly,

**IT IS ORDERED** that the Defendant Jovan Newman's motion to appoint counsel, ECF No. 246, be and the same is hereby **DENIED without prejudice**.

Dated at Milwaukee, Wisconsin, this 14th day of April, 2026.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge